HEANEY, Circuit Judge,
dissenting.
I disagree with the majority insofar as it holds that Petersen is not eligible for benefits under the new plan. Therefore, I respectfully dissent and would affirm the district court in its entirety.
The majority cites to several cases which hold that an employer is free to condition the receipt of severance benefits upon an employee signing a release of claims. The law is well settled on this point: severance benefits are contingent and unaccrued, allowing an employer to unilaterally amend or eliminate a plan pri- or to the benefits vesting. Joe v. First Bank Sys., Inc., 202 F.3d 1067, 1071 (8th Cir.2000). Based on the very unique facts of this case, however, the district court’s finding that Petersen is still eligible for benefits under the new plan, despite bringing suit, does not offend this principle of law.
In this case, Petersen was laid off from his job. One month later, E.F. Johnson implemented a new, and less favorable, severance benefit plan. Shortly after that, Petersen, believing his rights had vested under the former plan, notified E.F. Johnson of his intention to commence a lawsuit. Six months after being laid off, Petersen was automatically terminated in accordance with company policy, and was presented with the dilemma of signing a release in exchange for a smaller severance package, or pursuing a lawsuit to claim benefits which he believed already vested.
I agree with the district court that allowing E.F. Johnson to drastically reduce severance benefits after laying off, but before terminating Petersen, leads to an inequitable result that should not stand. It is true that Petersen refused to sign the release when originally presented to him, but when an employer drastically reduces severance benefits after laying off, but before terminating an employee, and the employee brings a good faith suit believing that his right to benefits vested prior to the plan being amended, the employee should not be left without any benefits at all. Petersen had a good faith claim that his benefits under the former plan had vested, which would have meant that E.F. Johnson was not free to change Petersen’s benefit plan. Petersen brought a claim under the former plan, a claim which was strong enough to overcome summary judgment and proceed to trial. Based on these facts, I cannot agree that the district court erred in holding that Petersen is still eligible for benefits under the new plan.